Henry Daniel **FANDEY**, Jane Doe Fandey, Joseph S. Fandey, and Edith D. Fandey, Appellants,

v.

Bruce **LEE** and Elaine Lee, Appellees.

No. 08–92–00410–CV.

Court of Appeals of Texas, El Paso.

March 30, 1994.

John E. Keithly, Anthony, NM, Pete P. Gallego, Alpine, for appellants.

John Mundie, Miranda & Boyaki, El Paso, for appellees.

Before KOEHLER and LARSEN, JJ., and PRESLAR, C.J. (Retired, Sitting by Assignment).

## *OPINION*

PER CURIAM.

In a bill of review proceeding brought by Appellees for reinstatement of a case dismissed for want of prosecution, the trial court granted Appellees' motion for summary judgment, reinstating the case. Appellants, who are defendants in the reinstated case, bring this appeal claiming in two points of error that the trial court erred in granting the summary judgment. We dismiss the appeal for want of jurisdiction.

■ Because jurisdiction is fundamental, an appellate court must determine, *sua sponte*, whether it has jurisdiction to consider an appeal. *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied); *Zoning Board of Adjustment of the City of Lubbock v. Graham & Assoc., Inc.*, 664 S.W.2d 430, 433 (Tex.App.—Amarillo 1983, no writ). An appeal may be taken only from a final judgment that disposes of all issues and parties. *Tesoro Petroleum v. Smith*, 796 S.W.2d 705 (Tex.1990). The same rule applies to summary judgments. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984); *Jackson v. Coldspring Terrace Property Owners Assn.*, 838 S.W.2d 320, 322 (Tex.App.—El Paso 1992, no writ). A bill of review which sets aside a prior judgment and reinstates a case dismissed for want of prosecution without disposing of all of the issues of the reinstated case on the merits is interlocutory in nature and not a final judgment ripe for appeal. *Tesoro*, 796 S.W.2d 705; *Warren v. Walter*, 414 S.W.2d 423 (Tex.1967).

■ Although procedurally this case (with the petitioners for the bill of review having had their motion for summary judgment granted by the court) presents a somewhat different situation than any bill of review/summary judgment case we have been able to find, the result should be no different than would be the case if the trial court had, after hearing the merits of the bill of review, granted the relief by setting aside the judgment of dismissal and reinstated the case on the docket.

Having concluded that the "final" summary judgment was actually interlocutory, we, on our own motion, dismiss the appeal for want of jurisdiction.