Watkins v. First Nat Bk Glen Rose 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-045-CV

        BETTY R. WATKINS,

                                                                                               Appellant
        v.

        FIRST NATIONAL BANK, GLEN ROSE,

                                                                                               Appellee
 

From the County Court
Somervell County, Texas
Trial Court # 852
                                                                                                    

O P I N I O N
                                                                                                    

          This is an appeal from a judgment in a forcible detainer action. Tex. Prop. Code Ann.
§ 24.002 (Vernon Supp. 1997). Because there was an unresolved title dispute, involving the same
parties and same property, pending in the 18th District Court of Somervell County at the time of
this forcible detainer action, we hold that the County Court of Somervell County did not have
jurisdiction to render a judgment in this action. Accordingly, we reverse the county court's
judgment and dismiss this appeal for want of jurisdiction.
          The record indicates that on February 17, 1991, Betty R. Watkins executed a real estate
note, secured by a deed of trust, in favor of Freedom Bank, Glen Rose, in the amount of
$67,582.45 for the purchase of a house and approximately 6½ acres of land located in Somervell
County. Freedom Bank subsequently changed its name to First National Bank, Glen Rose. 
Watkins defaulted on the note, and the Bank requested that a substitute trustee, John D. Hughes,
enforce the provisions of the note and deed of trust and sell the property. The Bank purchased the
property at the substitute trustee's sale held on August 1, 1995, for $51,450.00.
          In a letter dated August 4, 1995, the Bank notified Watkins that it had purchased the
property and demanded that she vacate the premises by August 15, 1995. When she did not, the
Bank filed a forcible detainer action against Watkins in the appropriate justice court in Somervell
County. See Tex. Prop. Code Ann. § 24.004 (Vernon Supp. 1997); Tex. Gov't Code Ann.
§ 27.031(a)(2) (Vernon Supp. 1997). The justice court ruled in favor of the Bank, granting it a
writ of possession against Watkins. Watkins appealed to the constitutional county court of
Somervell County. See Tex. Gov't Code Ann. § 26.042(e) (Vernon 1988); see also Tex. R.
Civ. P. 574b. The county court also ruled in favor of the Bank, ordering Watkins to vacate her
homestead and pay the Bank $300.00 as reasonable attorney's fees. Watkins is appealing the
judgment of the county court. See Tex. Prop. Code Ann. § 24.007 (Vernon Supp. 1997); Krull
v. Somoza, 879 S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994, writ denied).
          Notwithstanding Watkins' failure to raise the issue in her brief, as an appellate court, we
must first determine, sua sponte, whether we have jurisdiction to consider her appeal. See Fandey
v. Lee, 876 S.W.2d 458, 459 (Tex. App.—El Paso 1994, no writ). Justice courts, and on appeal,
county courts, have jurisdiction of forcible detainer suits. Tex. Prop. Code Ann. § 24.004; Tex.
Gov't Code Ann. § 26.042(e); Haith v. Drake, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston
[1st Dist.] 1980, writ ref'd n.r.e.). The only issue in a forcible detainer suit, however, is the right
to actual possession of the property in question; the merits of title to the property are not to be
adjudicated. Tex. R. Civ. P. 746; see also Gentry v. Marburger, 596 S.W.2d 201, 203 (Tex.
Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). If, at any time during the forcible
detainer action, it becomes apparent that title is in dispute, the court where the forcible detainer
action is being heard loses jurisdiction over the matter. See Mitchell v. Armstrong Capital Corp.,
911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied).
          Watkins raised title as an issue in the county court by specifically giving notice that a
wrongful foreclosure action had been filed and was pending in the 18th District Court of Somervell
County. Because an issue of title was raised in the county court, it lacked subject matter
jurisdiction over the case. Our jurisdiction as an appellate court extends no further than that of
the trial court. See Bahr v. Kohr, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ
denied). Consequently, because the county court lost jurisdiction to render a judgment in the
forcible detainer case while an issue of title was pending in the 18th District Court of Somervell
County, we reverse the judgment of the county court, dissolving any writ of possession that may
have issued, and dismiss this appeal for want of jurisdiction. 
 
                                                                                           BOBBY L. CUMMINGS
                                                                                           Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and dismissed for want of jurisdiction
Opinion delivered and filed February 19, 1997
Do not publish