**Melvin C. BROOKS, Appellant,**

v.

**PEP BOYS AUTOMOTIVE SUPERCENTERS a/k/a Pep Boys Mannie, Moe & Jack of California, Appellee.**

No. 01–01–00694–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 13, 2003.

Jonathan Scott Stoger, Houston, TX, for Appellant.

Michelle Amy Morgan, Dan C. Dargene, Winstead Sechrest and Minick P.C., Dallas, TX, for Appellee.

Panel consists of Justices TAFT, ALCALA and PRICE.*

## OPINION

ELSA ALCALA, Justice.

Appellant, Melvin C. Brooks, sued his former employer, appellee, Pep Boys Automotive Supercenters a/k/a Pep Boys Mannie, Moe & Jack of California (Pep Boys), for wrongful discharge. Brooks brings this appeal to challenge the trial court's order that (1) compelled him to arbitrate his claims against Pep Boys and (2) dismissed his lawsuit in its entirety. We vacate the dismissal portion of the trial court's order and dismiss the remainder of the appeal for want of jurisdiction.

### Background

Brooks is a former employee of Pep Boys, a nationwide automotive parts and service company. When he applied for work at Pep Boys, Brooks signed a "Mutual Agreement to Arbitrate Claims—Applicant" (arbitration agreement) as a condition of employment. Brooks's pleadings allege he sustained an injury on the job, filed a workers' compensation claim, and was then wrongfully discharged for filing that claim. *See* TEX. LAB.CODE ANN. § 451.001(1) (Vernon 1996).[1]

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Section 451.001(1) of the Labor Code provides as follows:

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

Four months after Brooks filed suit, Pep Boys filed a "Motion to Dismiss, or in the Alternative, to Stay and Compel Arbitration and Brief in Support thereof." In this motion, Pep Boys argued that the arbitration agreement covered Brooks's wrongful-discharge claim. Pep Boys asked the trial court to stay the lawsuit and compel arbitration, in compliance with the agreement, or, alternatively, to dismiss Brooks's lawsuit. Pep Boys' motion emphasized the merits of compelling arbitration. The motion requested dismissal solely as a consequence of submitting Brooks's claims to arbitration and did not cite any authority to support the dismissal.

In granting Peb Boys' motion, the trial court not only ordered that Brooks arbitrate his claims against Pep Boys, but also dismissed Brooks's lawsuit "in its entirety."

### Dismissal Portion of Trial Court's Order

We begin with Brooks's fourth issue, in which he challenges the dismissal of his lawsuit against Pep Boys in its entirety. Brooks contends the trial court improperly dismissed the entire case and could only stay the lawsuit on compelling arbitration. We agree, but first address our jurisdiction to address this issue by appeal. *See, e.g., Fandey v. Lee,* 876 S.W.2d 458, 459 (Tex.App.-El Paso 1994, no writ) (noting that appellate court must determine fundamental question of jurisdiction sua sponte).

■ An appeal may be taken only from a final judgment as a general rule. *See Lehmann v. Har–Con Corp.* 39 S.W.3d 191, 195 & n. 12 (Tex.2001) (listing statuto-

ry exceptions by footnote). A judgment is final for purposes of appellate review if it disposes of all pending claims and parties, as determined from the language of the judgment and the record in the case. *Id.* at 195. An order that dismisses a case is a final judgment. *See Ritzell v. Espeche,* 87 S.W.3d 536, 538 (Tex.2002) (" '[A]n order that expressly disposes of the entire case is not interlocutory merely because the record fails to show an adequate motion or legal basis for the disposition.' " (quoting *Lehmann,* 39 S.W.3d at 206)).

■ Brooks's were the only claims before the trial court. Despite the conclusory nature of Pep Boys' request for dismissal, the trial court's order dismissed Brooks's entire case. *See id.* We conclude that, to the extent the trial court dismissed Brooks's entire case, the trial court's order is reviewable as an appeal from a final judgment.

■ In defending the trial court's dismissing Brooks's entire lawsuit, Pep Boys argues that the Federal Arbitration Act (FAA) [2] applies and relies on federal cases that either approve of or grant that disposition. Even when applying the FAA, however, a Texas court must apply Texas procedural law and not federal procedural law. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992); *Associated Air Freight, Inc. v. Meek,* 67 S.W.3d 249, 252 (Tex.App.-Houston [1st Dist.] 2001, no pet.). If a trial court concludes that the parties have established an agreement to arbitrate under the FAA and that the claims to be arbitrated are within the scope of the agreement, a Texas trial court "has no discretion but to compel arbitra-

---

(2) hired a lawyer to represent the employee in a claim;
(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or

(4) testified or is about to testify in a proceeding under Subtitle A.
TEX. LAB.CODE ANN. § 451.001(1) (Vernon 1996).

**2.** 9 U.S.C. § 1–16 (2001).

tion and *stay its proceedings pending arbitration."* *Cantella v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996) (emphasis added); *see also* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.086(b)-(c) (defining orders trial court may render while arbitration pending or concluded) and 171.087–.092 (governing trial court's actions relating to arbitrator's award, including entry of judgment on award) (Vernon 1997 & Supp. 2003). The Civil Practice and Remedies Code thus contemplates continuing trial-court jurisdiction over the case pending arbitration, rather than the necessity of filing an additional lawsuit concerning pending arbitration or postarbitration matters.

We conclude the trial court abused its discretion by dismissing Brooks's lawsuit in its entirety. We sustain Brooks's fourth issue.

### Compelling Arbitration Portion of Trial Court's Order

Brooks's first through third and fifth issues challenge the trial court's decision to compel arbitration. Once again, we address our jurisdiction to review these issues. *See Fandey,* 876 S.W.2d at 459.

■■■ Pep Boys relied on the FAA in moving the trial court to compel arbitration and argued that the FAA governed the arbitration agreement. *See* 9 U.S.C. § 1–16 (2001). Brooks has not contested that the FAA controls the agreement. Federal law determines whether the FAA applies. *Prudential Securities, Inc. v. Marshall,* 909 S.W.2d 896, 899 (Tex.1995); *Associated Air Freight, Inc.,* 67 S.W.3d at 254. It is undisputed that Pep Boys is a nationwide company. The arbitration agreement recites that the company's transactions and Brooks's employment involve interstate commerce and requires the arbitrator to apply the substantive law of the state, Texas, and the Federal Rules of Evidence. We hold the FAA governs. *See* 9 U.S.C. § 2 (2001) (applying to arbitration provisions in transactions involving interstate commerce); *Trico Marine Servs., Inc. v. Stewart & Stevenson Tech. Servs.,* 73 S.W.3d 545, 547 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (holding that FAA controlled arbitration agreement that concerned both maritime and foreign and interstate commerce).

■■■ Brooks has challenged this portion of the trial court's order by appeal. As noted above, within well-defined exceptions, we review by appeal only final judgments that dispose of all parties and issues. *See Lehmann,* 39 S.W.3d at 195 & n. 12. Because orders compelling arbitration do not dispose of all parties and issues, but instead contemplate continuing resolution through the arbitration process, orders compelling arbitration are interlocutory per se under the *Lehmann* reasoning. *See id.* The interlocutory nature of an order compelling arbitration is thus not changed by joining it with an order dismissing the case. *See id.* at 199–200. Once the dismissal is vacated, the portion of the trial court's order that compels arbitration is clearly interlocutory.

The Civil Practice and Remedies Code permits interlocutory appeals of certain orders. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon Supp.2002). The Texas General Arbitration Act (TAA) provisions of the Civil Practice and Remedies Code also permit appeals of interlocutory orders, but only those "entered under this chapter," i.e., the TAA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(1)-(5) (Vernon Supp.2002). Moreover, none of these provisions authorizes an appeal from an order that compels arbitration. *See id.*

■■■ An order compelling arbitration under the FAA is neither a final disposition, nor expressly authorized by any of

the provisions of the Civil Practice and Remedies Code that permit interlocutory appeals. Mandamus, and not appeal, is the appropriate remedy. *See In re American Homestar, Inc.*, 50 S.W.3d 480, 483 (Tex.2001); *Trico Marine Services, Inc.*, 73 S.W.3d at 547 & 548 n. 3 (acknowledging dictum permitting appeal from order compelling arbitration under FAA in *Jack B. Anglin Co.*, 842 S.W.2d at 271–72) (additional citations concerning same omitted); *Associated Air Freight, Inc.*, 67 S.W.3d at 252; *Materials Evolution Dev., USA, Inc. v. Jablonowski*, 949 S.W.2d 31, 33 (Tex.App.-San Antonio 1997, no pet.).

■ Because Brooks's sole remedy is by mandamus, we have no jurisdiction to address his first through third and fifth issues on appeal and must dismiss his appeal of those issues. *See Trico Marine Services, Inc.*, 73 S.W.3d at 547. Accordingly, we dismiss Brooks's appellate challenge to the trial court's order compelling arbitration.

### Conclusion

We vacate the portion of the trial court's order that dismissed Brooks's lawsuit in its entirety. We dismiss Brooks's appeal to the extent he challenges the portion of the trial court's order that compelled arbitration.