MEMORANDUM OPINION




No. 04-03-00136-CV



H20 PLUMBING, INC.,


Appellant/Cross-Appellee



v.



CAPITAL INDUSTRIES, INC.,


Appellee/Cross-Appellant



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CI-10734


Honorable Pat Priest, Judge Presiding



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: May 28, 2003


DISMISSED FOR LACK OF JURISDICTION

 Capital Industries, Inc. ("Capital") appeals the trial court's order compelling both parties to
arbitration while H20 Plumbing, Inc. ("H20") appeals the trial court's entry of certain findings of facts
contained in that order. We dismiss this appeal for lack of jurisdiction.

 According to H20, the trial court's order compelling Capital and H20 to arbitration is final
because all other claims in the lawsuit had been settled at the time the order was entered. We
disagree. The trial court's order compels Capital's cross claim against H20, the remaining claim at
issue in this case, to arbitration. An order compelling arbitration is not a final disposition. Brooks
v. Pep Boys Auto. Supercenters, No. 01-01-00694-CV, 2003 WL 1090502, at *3 (Tex. App.--
Houston [1st Dist.] Mar. 13, 2003); see also Elm Creek Villas Homeowner Ass'n v. Beldon Roofing
& Remodeling Co., 940 S.W.2d 150, 153-54 (Tex. App.--San Antonio 1996, no writ) (holding that
an order compelling arbitration was not subject to judicial review until completion of the arbitration
and entry of the final judgment by the district court). Indeed, the trial court's order here merely
abates Capital's claim for indemnity against H20 pending arbitration of the claim. The trial court's
order is, therefore, interlocutory.

 This interlocutory order is also unappealable. An order compelling arbitration under the
Texas or Federal Arbitration Acts is an unappealable interlocutory order. Mohamed v. Auto Nation
USA Corp., 89 S.W.3d 830, 833 (Tex. App.--Houston [1st Dist.] 2002, no pet.); Elm Creek, 940
S.W.2d at 153; see also Tex. Civ. Prac. & Rem. Code Ann. § 171.017 (Vernon 1997) (only
allowing an appeal to be taken from an order denying an application to compel arbitration or an order
granting an application to stay arbitration). Nevertheless, H20 Plumbing, Inc. argues that we have
jurisdiction because it is not appealing from that portion of the trial court's order compelling both
parties to arbitration. (1) Instead, H20 Plumbing, Inc. is appealing the trial court's entry of certain
findings of fact which were included in the order and which may be considered by the arbitration
panel. Appeals of interlocutory orders are permitted only by statute. Elm Creek, 940 S.W.2d at 153.
No statute permits the interlocutory appeal of a trial court's entry of findings of facts. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2003) (describing appealable interlocutory orders
in civil cases). This appeal is, therefore, dismissed for lack of jurisdiction. 

 PER CURIAM


1. Capital Industries, Inc. concedes that we do not have jurisdiction over this appeal.