MEMORANDUM OPINION



No. 04-06-00646-CV



Glenn J. Deadman, P.C.,
Appellant


v.



SBC, SBC Datacomm, Inc., SBC Internet Services, Inc., SBC Long Distance, L.L.C., 

and Southwestern Bell Telephone, L.P.,

Appellees



From the County Court at Law No. 5, Bexar County, Texas


Trial Court No. 301366


Honorable Timothy F. Johnson, Judge Presiding





No. 04-07-00037-CV


IN RE Glenn J. DEADMAN, P.C.


Original Mandamus Proceeding (1)

Opinion by: Sandee Bryan Marion, Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 

Delivered and Filed: April 25, 2007 



PETITION FOR WRIT OF MANDAMUS DENIED; APPEAL DISMISSED FOR LACK OF
JURISDICTION


Factual and Procedural Background

 In this combined appeal and original mandamus proceeding, the law firm of Glenn J.
Deadman, P.C. ("GJD") complains of the trial court's order compelling arbitration and staying
litigation. GJD purchased telecommunications services, including long distance and internet services,
from SBC Datacomm, Inc.; SBC Internet Services, Inc.; SBC Long Distance, L.L.C. and 
Southwestern Bell Telephone, L.P. ("the SBC entities"). When a dispute arose about the cost and
quality of the services described in the written contract, GJD sued the SBC entities, alleging breach
of contract, fraud, misrepresentation, and other related claims. GJD's petition requested injunctive
relief as well as actual and exemplary damages. The SBC entities counterclaimed for monies due and
owing under the contract and moved to compel arbitration under the Texas Arbitration Act (TAA)
and the Federal Arbitration Act (FAA). The trial court determined the FAA applied, compelled
arbitration, and stayed litigation. GJD then filed both an appeal of the order and a petition for a writ
of mandamus. We deny the mandamus petition and dismiss the appeal for lack of jurisdiction. 

Application of the FAA

 The FAA applies to arbitration agreements in contracts evidencing a transaction involving
interstate commerce. 9 U.S.C. § 2; In re L & L Kempwood Assocs., L .P., 9 S.W.3d 125, 127 (Tex.
1999); Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 269-70 (Tex. 1992). GJD does not dispute
that its contract for long distance telephone and internet services involves interstate commerce. (2) See
Nexion Health at Humble, Inc., 173 S.W.3d 67, 69 (Tex. 2005) (holding Medicare payments crossing
state lines established interstate commerce and the FAA's application). Instead, GJD argues that the
parties did not intend for the FAA to apply because of the contract's choice of law clause:

L. Governing Law. This Agreement will be governed by the domestic laws of the
State in which the Services are to be performed, and if in more than one State, then
by the domestic laws of the State of Texas. 


The Texas Supreme Court has held that unless a choice of law provision "specifically exclude[s]" the
application of the FAA, it should not be construed as having this effect. See In re L & L Kempwood
Assocs., 9 S.W.3d at 127-28; Capital Income Properties v. Blackmon, 843 S.W.2d 22, 23 (Tex. 1992)
(noting that the FAA "is part of the substantive law of Texas."). Because the language relied on by
GJD does not "specifically exclude" the application of the FAA, we conclude the FAA applies. (3)
 

Mandamus Review Under the FAA

 Under the FAA, orders refusing to compel arbitration can be reviewed by mandamus because
there is no adequate remedy by appeal. In re Palacios, 2006 WL 1791683, at *1 (Tex. June 30, 2006)
(orig. proceeding). However, orders compelling arbitration and staying litigation under the FAA
generally cannot be reviewed until final judgment. Id. There is a narrow exception to this rule. 
Mandamus review of an order staying a case for arbitration may still be available if a party can meet
a "particularly heavy" mandamus burden to show "clearly and indisputably" that the district court did
not have the discretion to stay the proceedings. Id., at *2; see In re Premont Indep. School Dist., 2007
WL 390784, at * 4-5 (Tex. App.--San Antonio Feb. 7, 2007, orig. proceeding) (granting mandamus
relief when the record clearly and indisputably established that the parties agreed to delete the
arbitration provision from their contract). 

Has GJD Met its "Particularly Heavy" Mandamus Burden? GJD contends the trial court had no discretion to stay the underlying proceedings and compel 
arbitration because the arbitration provision contains the following language: 

G. Arbitration. The exclusive remedy for resolving disputes between SBC and you
relating to this Agreement, other than disputes for which injunctive relief might be
had, shall be by binding arbitration in accordance with the Commercial Arbitration
Rules of the American Arbitration Association ("AAA"). 


(emphasis added). GJD argues that because its pleadings include a request for injunctive relief, the
entire controversy is exempt from arbitration. We disagree. "The strong presumption favoring
arbitration generally requires that [courts] resolve doubts as to the scope of the agreements in favor
of coverage." In re D. Wilson Const. Co., 196 S.W.3d 774, 782-83 (Tex. 2006) (orig. proceeding). 
Here, the trial court found that to the extent the parties seek non-injunctive relief, such as actual and
exemplary damages, their disputes are subject to the agreement's "exclusive remedy" of arbitration. 

As to any temporary injunctive relief requested by GJD, the trial court adopted the parties' Rule 11
agreement to dissolve an existing ex parte temporary restraining order obtained by GJD. The trial
court signed an agreed order under which the parties stipulated that the SBC entities would refrain
from interfering with GJD's current telecommunication services, would refrain from placing any
disputed debts for collection, and would refrain from reporting any disputed debts to a credit agency
during the pendency of the lawsuit. Finally, the SBC entities concede that nothing prevents GJD from
seeking permanent injunctive relief if and when it prevails on its monetary claims against the SBC
entities. For these reasons, we conclude the trial court properly resolved any doubts as to the scope
of the arbitration agreement in favor of coverage. Accordingly, GJD has not met its burden to show
the trial court "clearly and indisputably" lacked the discretion to stay the litigation and compel
arbitration. See In re Palacios, 2006 WL 1791683, at *2 (denying mandamus relief when the
existence of an arbitration agreement turned on a credibility issue which the relator failed to show the
trial judge "indisputably got wrong"); In re Ivins, 2006 WL 2075192, at *1 (Tex. App.--Beaumont
July 27, 2006, orig. proceeding) (denying mandamus relief when the relator failed to show the trial
court lacked the discretion to stay the proceedings pending arbitration). Because GJD has failed to
meet its heavy burden to show a clear and indisputable abuse of discretion by the trial court, it is not
entitled to mandamus relief. 

Appeal

 GJD also appeals the trial court's order compelling arbitration. The Texas Civil Practice and
Remedies Code authorizes an appeal of an order "denying an application to compel arbitration made
under Section 171.021." See Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (Vernon 2005)
(emphasis supplied). However, no statute authorizes an appeal of an order granting an application
to compel arbitration. See Brooks v. Pep Boys Automotive Supercenters, 104 S.W.3d 656, 660 (Tex.
App.--Houston [1st Dist.] 2003, no pet.) (dismissing appeal of an order compelling arbitration for
lack of jurisdiction); Elm Creek Villas Homeowner Assoc., Inc. v. Beldon Roofing & Remodeling Co.,
940 S.W.2d 150, 153-54 (Tex. App.--San Antonio 1996, no writ) (same). Accordingly, we must
dismiss GJD's appeal for lack of jurisdiction. See Pep Boys, 104 S.W.3d at 660; Elm Creek Villas,
940 S.W.2d at 155. 

Conclusion

 The petition for a writ of mandamus is denied and the appeal is dismissed for lack of
jurisdiction.

 Sandee Bryan Marion, Justice




1. This proceeding arises out of cause number 301366, styled Glenn J. Deadman, P.C. v. SBC, et al., pending
in the County Court at Law No. 5, Bexar County, Texas.
2. GJD conceded this in its response to the motion to compel arbitration filed below.
3. The FAA, however, does not necessarily preempt the application of the Texas Arbitration Act ("TAA"). See
In re D. Wilson Const. Co., 196 S.W.3d 774, 779 (Tex. 2006) (orig. proceeding).