Opinion issued May 3, 2007


 










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01140-CV






TIFFANY J. KOONTZ, Appellant


V.


CITIBANK (SOUTH DAKOTA), N.A., Appellee






On Appeal from the County Court at Law No. 1

Fort Bend County, Texas

Trial Court Cause No. 26137






MEMORANDUM OPINION


 Appellant, Tiffany J. Koontz, appeals from the trial court's order granting a
motion to compel arbitration filed by appellee, Citibank (South Dakota), N.A. In nine
issues on appeal, Koontz argues that (1) the rules relating to summary judgment proof
apply to the proof of the agreement to arbitrate; (2) Koontz is entitled to discovery on
the costs associated with arbitration before the motion to compel is ruled on; (3)
Citbank has elected not to arbitrate; (4) the agreement to arbitrate has been mutually
repudiated; (5) Citibank cannot arbitrate the entire matter; (6) the arbitration
agreement is unconscionable; and (7) the arbitration agreement is illusory.

 We dismiss the appeal for lack of jurisdiction. 

Background


 Koontz opened a credit card account with Citibank in 1995. On March 28,
2005, Citibank filed suit to collect an overdue balance, an amount under $3,000, due
on Kootz's account. In June 2005, Koontz filed a counterclaim. On July 19, 2005,
Citibank moved to compel arbitration pursuant to the Federal Arbitration Act
("FAA") and to stay the trial court proceedings. On November 15, 2005, the trial
court ordered the parties to proceed to arbitration without stating whether the FAA
or the Texas Arbitration Act ("TAA") applied. 

Jurisdiction


 As a threshold matter, we determine our jurisdiction to hear this appeal. Within
well-defined exceptions, we review by appeal only final judgments that dispose of all
parties and issues. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 & n.12 (Tex.
2001). A right to appeal arises only from a final order or an interlocutory order made
appealable by statute. Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp.
2006) (describing appealable interlocutory orders in civil cases); see Bally Total
Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001); In re MHI P'ship, Ltd.,
7 S.W.3d 918, 920 (Tex. App.--Houston [1st Dist.] 1999, orig. proceeding). Because
orders compelling arbitration do not dispose of all parties and issues, but instead
contemplate continuing resolution through the arbitration process, orders compelling
arbitration are interlocutory per se. Brook v. Pep Boys Auto. Supercenters, Inc., 104
S.W.3d 656, 660 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 

 Koontz challenges an order that grants Citibank's motion to compel arbitration,
and that is, therefore, interlocutory. Whether under the Texas Arbitration Act or the
Federal Arbitration Act, there is no interlocutory appeal over an order granting a
motion to compel arbitration. Compare Mohamed v. Auto Nation USA Corp., 89
S.W.3d 830, 835 (Tex. App.--Houston [1st Dist.] 2002, orig. proceeding) ("TAA")
with In re Am. Homestar, Inc., 50 S.W.3d 480, 483 (Tex. 2001) ("FAA"). As a result,
we have no jurisdiction to address this appeal and must dismiss it. Tex. R. App. P.
42.3(a); see Trico Marine Servs., Inc. v. Stewart & Stevenson Technical Servs., 73
S.W.3d 545, 547-48 (Tex. App.--Houston [1st Dist.] 2002, orig. proceeding). 




Conclusion


 We dismiss the appeal for lack of jurisdiction. 


 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.