CHIEF JUSTICE
  CAROLYN WRIGHT

JUSTICES
  DAVID L. BRIDGES
  MOLLY FRANCIS
  DOUGLAS S. LANG
  ELIZABETH LANG-MIERS
  ROBERT M. FILLMORE
  LANA MYERS
  DAVID EVANS
  DAVID LEWIS
  ADA BROWN
  CRAIG STODDART
  BILL WHITEHILL
  DAVID J. SCHENCK

LISA MATZ
CLERK OF THE COURT
(214) 712-3450
theclerk@5th.txcourts.gov

GAYLE HUMPA
BUSINESS ADMINISTRATOR
(214) 712-3434
gayle.humpa@5th.txcourts.gov

FACSIMILE
(214) 745-1083

INTERNET
WWW.TXCOURTS.GOV/5THCOA.ASPX



**Court of Appeals**
**Fifth District of Texas at Dallas**

600 COMMERCE STREET, SUITE 200
DALLAS, TEXAS 75202
(214) 712-3400

September 22, 2015

Mr. Thomas Clark
Ms. Jill Malouf
Clark, Malouf & White, L.L.P.
12222 Merit Drive, Suite 340
Dallas, Texas 75251

RE:     Court of Appeals Number:     05-15-00916-CV
        Trial Court Case Number:     DC-15-04034

Style:  *GeoTag, Inc. v. Lawrence P. Howorth*

Dear Counsel:

The Court has reviewed the clerk's record and has a question concerning our jurisdiction over the appeal. Specifically, there does not appear to be an appealable order. This Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all parties and all claims. *See id.*

Appellant is appealing the trial court's order granting a motion to compel arbitration. A party may appeal an order *denying* a motion to compel arbitration. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West 2011). There is no statutory authority for appealing an order granting a motion to compel arbitration. *See Brooks v. Pep Boys Automotive Supercenters*, 104 S.W.3d 656, 660 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

So that this Court can determine its jurisdiction over the appeal, appellant is requested to file, by **OCTOBER 2, 2015**, a letter brief of no more than 3 pages explaining how this Court has jurisdiction over the appeal. Appellee may file a responsive letter brief of no more than 3 pages within 10 days of appellant's brief. No extension of time will be granted. If either party will be relying on information not in the record before this Court, that party must obtain a supplemental clerk's record from the trial court containing that information.

**We suspend the current deadline for appellant's brief on the merits**. After it has received briefs regarding the jurisdictional issue, the Court will either: (1) dismiss the appeal for want of jurisdiction; or (2) notify the parties by letter that the Court appears to have jurisdiction

over the appeal and of the new deadline for appellant's brief. We caution appellant that failure to file a jurisdictional brief by **OCTOBER 2, 2015**, may result in dismissal of the appeal without further notice.

Respectfully,

/s/ Lisa Matz, Clerk of the Court

cc: Mr. William Dunn
  Dunn Sheehan, LLP
  3400 Carlisle St., Suite 200
  Dallas, Texas 75204

LM/rz