**Opinion issued December 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00384-CV

_____

**ARMANDO SUSTAITA, Appellant**

**V.**

**PRECISION DRILLING, L.P., Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-64155**

---

## MEMORANDUM OPINION

Appellant Armando Sustaita attempts to appeal an interlocutory order compelling arbitration and staying the underlying case during the pendency of the arbitration. Appellee Precision Drilling Company, L.P. has filed a motion to dismiss

the appeal for lack of jurisdiction, asserting that the order is not an appealable interlocutory order. We grant the motion and dismiss the appeal.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

"Because orders compelling arbitration do not dispose of all parties and issues, but instead contemplate continuing resolution through the arbitration process, orders compelling arbitration are interlocutory per se." *Koontz v. Citibank (South Dakota), N.A.*, No. 01-05-01140-CV, 2007 WL 1299674, at *1 (Tex. App—Houston [1st Dist.] May 3, 2007) (citing *Brook v. Pep Boys Auto. Supercenters, Inc.*, 104 S.W.3d 656, 660 (Tex. App.—Houston [1st Dist.] 2003, no pet.)). Courts may, however, review an order compelling arbitration if the order also dismisses the underlying litigation so that it is final rather than interlocutory. *In re Gulf Expl., LLC*, 289 S.W.3d 836, 839 n.14 (Tex. 2009) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 586 n.13 (Tex. 2008)). The order at issue in this case is interlocutory because it compelled arbitration and stayed the case pending arbitration.

Here, the order compelling arbitration is an interlocutory order and neither the Texas Arbitration Act (TAA) nor the Federal Arbitration Act (FAA) provide for an

interlocutory appeal from it. *See Chambers v. Quinn*, 242 S.W.3d 30, 31–32 (Tex. 2007) (providing the TAA is "one-sided, allowing interlocutory appeals solely from orders that deny arbitration" and the FAA "makes no provision for interlocutory appeals from an order compelling arbitration."); *see also* TEX. CIV. PRAC. & REM. CODE § 171.098(a) (omitting orders granting motion to compel arbitration from list of appealable orders relating to arbitration).

Appellant filed a response to the dismissal motion asserting that, because the Federal Arbitration Act applies to the arbitration agreement, Section 51.016 of the Texas Rules of Civil Procedure allows an appeal of the court's interlocutory order compelling arbitration and staying the case. But Appellant fails to acknowledge that Rule 51.016 only permits an appeal "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." TEX. CIV. PRAC. & REM. CODE § 51.016. Title 9, Section 16 of the United States Code permits appeals from "an order . . . denying an application . . . to compel arbitration," and specifically states that "an appeal may not be taken from an interlocutory order (1) granting a stay of any action . . . [or] (3) compelling arbitration . . . ." 9 U.S.C. § 16(a)(1)(C), (b)(1), (b)(3). Thus, contrary to Appellant's assertion, an appeal of the arbitration order in this case is not authorized.

Appellant also responds that the appeal concerns whether the trial court failed to hold a hearing to determine disputed facts regarding the validity of the arbitration

3

agreement. But the issue appellant seeks to raise does not create a basis for appeal when an appeal of the interlocutory order at issue is not authorized.

Accordingly, we grant appellee's motion and dismiss the appeal for lack of jurisdiction. Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.