MEWBOURNE OIL
COMPANY, Relator,

v.

Honorable J.E. BLACKBURN,
Judge, Respondent.

No. 07–90–0169–CV.

Court of Appeals of Texas,
Amarillo.

June 29, 1990.

Rehearing Denied July 23, 1990.

Sprouse, Mozola, Smith & Rowley, P.C.,
John Mozola, Amarillo, Mewbourne Oil Co.,
Michael F. Shepard, Gen. Counsel, Tyler,
Underwood, Wilson, Berry, Stein & John-
son, P.C., Kelly D. Utsinger, Amarillo, Ste-
phen F. Cross, Borger, for relator.

Culton, Morgan, Britain & White, Maston
C. Courtney, Amarillo, Modrall, Sperling,
Roehl, Harris & Sisk, P.A., Lynn Slade,
Larry P. Ausherman, Earl E. DeBrine, Jr.,
Albuquerque, N.M., Transwestern Pipeline
Co., Rockford G. Meyer and Ray J. Alva-
rez, Houston, for Transwestern Pipeline
Co.

Before REYNOLDS, C.J., and
DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

In this original proceeding, Mewbourne
Oil Company, a Texas corporation, has
moved for leave to file its petition for writ
of mandamus.  Mewbourne seeks the writ
to compel respondent, Honorable J.E.
Blackburn, Judge of the 84th District Court
of Ochiltree County, to (1) vacate his order

requiring arbitration, and (2) permit discovery. Because Mewbourne has not shown by its petition a right to the writ, the motion for leave to file the petition for writ of mandamus will be overruled.

Mewbourne and Transwestern Pipeline Company, a Delaware Corporation and the real party in interest in this original proceeding, entered into 18 contracts by which Mewbourne agreed to sell, and Transwestern agreed to take and pay for, all gas produced from more than 80 wells located in the Texas Panhandle and western Oklahoma. The contracts contained an arbitration clause in this language:

### XVII. ARBITRATION

Any dispute arising between Seller and Buyer out of this Agreement shall be determined by a board of three (3) arbitrators to be selected for each such controversy so arising as follows: Either Seller or Buyer may, at the time such board of arbitration is desired, notify the other of the name of an arbitrator, and such other party shall, within ten (10) days thereafter, select an arbitrator and notify the party desiring arbitration of the name of such arbitrator. If such other party shall fail to name a second arbitrator within ten (10) days, then the party who first served the notice may, on reasonable notice to the other party, apply to the person who is then Chief Judge of the United States District Court for the Federal Judicial District in which the wells are located for the appointment of such second arbitrator for and on behalf of the other party, and in such case the arbitrator appointed by the person who is such Judge shall act as if named by the other party. The two (2) arbitrators chosen as above provided shall, within ten (10) days after the appointment of the second arbitrator, choose the third arbitrator, and in the event of their failure to do so within said ten (10) days, either of the parties hereto may in like manner, on reasonable notice to the other party, apply to the person who is such Judge for the appointment of a third arbitrator and in such case the arbitrator appointed by the person who is such Judge shall act as the third arbitrator.

The arbitrators selected to act hereunder shall be qualified by education, experience and training to pass upon the particular question in dispute. The board so constituted shall fix a reasonable time and place for the hearing, at which time each of the parties hereto may submit such evidence as it may see fit. Such board shall determine the matters submitted to it pursuant to the provisions of this Agreement. The action of a majority of the members of such board shall govern and their decision in writing shall be final and binding on the parties hereto. Each party shall pay the expense of the arbitrator selected by or for it and all other costs of the arbitration shall be equally divided between the parties hereto.

Subsequently, Mewbourne filed the action underlying this original proceeding in cause no. 8359 on the docket of the 84th District Court. As the basis for its action, Mewbourne alleged that Transwestern had breached the contracts by failing to take delivery and pay for the quantity of gas established by the contracts, and had repudiated the contracts.

After answering, Transwestern filed two motions. Following the allegation that it had invoked arbitration pursuant to the contracts, Transwestern moved the court for a stay and protective order to relieve it from responding to discovery pending arbitration. Additionally, Transwestern moved the court to compel arbitration.

Mewbourne responded with two motions. By one motion, the court was requested to set a hearing to determine whether there are enforceable agreements to arbitrate. By the other motion, Mewbourne, alleging that Jack Earnest, the arbitrator selected by Transwestern, was disqualified, requested the court to appoint the first arbitrator or, alternatively, to allow discovery to determine whether Earnest is qualified to serve.

Respondent made a final disposition of the motions in his order signed 5 April 1990 and amended on 15 May 1990. By his order, Respondent granted Transwestern's motions, denied Mewbourne's motions, and

ordered the parties to arbitrate pursuant to the contracts and applicable law.

Mewbourne initiated this original proceeding to compel respondent specifically to:

1. Vacate his order requiring it and Transwestern to proceed to arbitration pursuant to the contracts they executed and that are the subject matter of the lawsuit.

2. Permit discovery with respect to the repudiation of contract issues and, after discovery, to conduct a hearing to determine whether the contracts have been repudiated;

and, alternatively, if respondent determines after discovery and a hearing that arbitration is required, to:

3. Order discovery and conduct a hearing concerning the disqualification of Jack Earnest, the arbitrator selected by Transwestern.

Transwestern has replied, denying Mewbourne's right to the writ.

Mewbourne submits that the initial determination is whether respondent should have conducted an evidentiary hearing to determine if there are enforceable agreements to arbitrate. In this regard, Mewbourne claims that Transwestern has repudiated the contracts, which raises the issue whether there are valid agreements to arbitrate. *See* Texas General Arbitration Act, Tex.Rev.Civ.Stat.Ann. art. 225, § A (Vernon 1973).

■ However, since the contracting parties agreed in writing to arbitrate their contractual disputes, the dispute concerning the performance of the contracts does not affect the validity of the arbitration agreement. *Merrill Lynch v. Longoria,* 783 S.W.2d 229, 230–31 (Tex.App.—Corpus Christi 1989, orig. proceeding). Then, Mewbourne's claim that Transwestern breached and repudiated the contracts does not preclude the right to arbitration provided by the contracts, *USX Corp. v. West,* 759 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding); instead, the claim merely presents issues to be determined by the arbitrators, not by the trial court. *Shearson Lehman Hutton, Inc. v.*

*McKay,* 763 S.W.2d 934, 938 (Tex.App.—San Antonio 1989, orig. proceeding).

■ Given this situation, Mewbourne's contention that respondent abused his discretion by denying it discovery and a hearing to determine the repudiation issue is not viable. The question of repudiation is for the determination of the arbitrators, who are empowered to cause the discovery necessary for their resolution of the issues before them. Tex.Rev.Civ.Stat.Ann. art. 230 (Vernon 1973).

■ No more tenable are Mewbourne's contentions that respondent abused his discretion (1) by not appointing the first arbitrator and (2) by denying it discovery on Earnest's qualifications to serve as a fair and impartial arbitrator. Mewbourne sought this relief because of its allegations that Earnest was the former general counsel of Transwestern during the time the contracts were revised, and there is the possibility that he may be called as a witness on the revision issue.

Nevertheless, the contracting parties themselves prescribed the qualifications of the arbitrators, *i.e.,* those who "shall be qualified by education, experience and training to pass upon the particular question in dispute," and Mewbourne does not challenge Earnest for the lack of any of these qualifications. Moreover, the parties did not provide for any alteration of the qualifications. Then, the parties having agreed upon the qualifications of the arbitrators, it is not the function of the court to change them or prescribe other qualifications. Tex.Rev.Civ.Stat.Ann. art. 226 (Vernon 1973).

Still, Mewbourne is not without recourse if it believes any decision rendered by the arbitrators is flawed because Earnest was not a fair and impartial arbitrator. In that event, Mewbourne has the right to apply to the court for a vacation of the decision for that reason. Tex.Rev.Civ.Stat.Ann. art. 237, § A(2) (Vernon 1973).

It follows that since Mewbourne has not shown by its petition a clear right to the mandamus relief sought, the writ will not

issue.  *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941) (orig. proceeding).  Consequently, Mewbourne is not entitled to leave to file its petition for writ of mandamus.  Tex.R.App.P. 121(c).

According, the motion for leave to file the petition for writ of mandamus is overruled.