**TRANSWESTERN PIPELINE COMPANY, Relator,**

v.

**Honorable J.E. BLACKBURN, Judge, Respondent.**

**No. 07–91–0181–CV.**

Court of Appeals of Texas, Amarillo.

May 14, 1992.
Rehearing Overruled May 29, 1992.

Culton, Morgan, Britain & White, Maston C. Courtney, Wyatt Brooks, Amarillo, Modrall, Sperling, Roehl, Harris & Sisk PA, Lynn H. Slade and Earl E. DeBrine, Jr., Albuquerque, N.M., Robert C. Carroll, Transwestern Pipeline, Houston, relator.

Sprouse, Mozola, Smith & Rowley PC, Harlow Sprouse and John Mozola, Amarillo, Michael F. Shepard, Mewbourne Oil Co., Tyler, Stephen Cross, Borger, for real party in interest.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

This original mandamus proceeding requires us to answer the novel question whether the trial court abused its discretion in authorizing independent discovery by the parties after they were ordered to, and did, institute binding arbitration. Guided by the Texas General Arbitration Act (Act),[1] we will answer in the affirmative and conditionally grant the writ of mandamus.

This is the second mandamus proceeding involving the same parties, Mewbourne Oil Company (Mewbourne), the relator in the first proceeding and the real party in interest in the present mandamus action; Transwestern Pipeline Company (Transwestern), relator in this action and the real party in interest in the first proceeding; and the respondent in both proceedings, Honorable J.E. Blackburn, Judge of the 84th Judicial District Court of Ochiltree County. In the original proceeding, we denied Mewbourne leave to file its petition for writ of mandamus to compel respondent to (1) vacate an order requiring arbitration and (2) permit discovery. The denial resulted because Mewbourne and Transwestern had contractually agreed, as a part of their contracts to sell and buy gas, that:

> Any dispute arising between Seller [Mewbourne] and Buyer [Transwestern] out of this Agreement shall be determined by a board of three (3) arbitrators to be selected for each such controversy so arising as follows: Either Seller or Buyer may, at the time such board of arbitration is desired, notify the other of the name of an arbitrator, and such other party shall, within ten (10) days thereafter, select an arbitrator and notify the party desiring arbitration of the name of such arbitrator.... The two (2) arbitrators chosen as above provided shall, within ten (10) days after the appointment of the second arbitrator, choose the third arbitrator....

*See Mewbourne Oil Co. v. Blackburn,* 793 S.W.2d 735, 735–36 (Tex.App.—Amarillo 1990, orig. proceeding [leave denied]).

As a result of the prior mandamus proceeding, Mewbourne and Transwestern each designated an arbitrator, and a neutral arbitrator was selected. Rather than moving the three-member arbitration panel for discovery, Mewbourne applied to the 84th District Court of Ochiltree County, pursuant to article 235(G), for an order:

(1) authorizing the parties to conduct discovery, including depositions and re-

---

1. Unless otherwise indicated, all articles cited are the articles of the Texas General Arbitration Act, Texas Revised Civil Statutes Annotated art. 224, *et seq.* (Vernon 1973; Vernon Supp.1992). Sections of the articles are signified by parentheses.

quests for production of documents, in the manner allowed by the Texas Rules of Civil Procedure;

(2) prohibiting Transwestern from destroying any books, records, documents, or evidence which may be relevant to the arbitration proceeding; and

(3) granting Mewbourne such other relief as may be appropriate.

In this regard, article 235(G), quoted more fully later, provides, in part: "In advance of the institution of any arbitration proceedings, but in aid thereof, an application may be filed for order or orders to be entered by the court [concerning certain pre-arbitration matters]; or (v) seeking any other relief, which the court can grant in its discretion, needed to permit the orderly arbitration proceedings to be instituted and conducted and to prevent any improper interference or delay thereof."

In its response, Transwestern alleged that article 235(G) was appropriate only under exceptional circumstances, none of which Mewbourne had demonstrated in its motion. Under the circumstances in this cause, Transwestern asserted, article 230(B), which provides for the arbitrators to authorize depositions for discovery and evidentiary purposes, empowered the arbitrators, not the court, to conduct discovery.

Entering its "Order Regarding Discovery in Arbitration," the court ascertained that "a sufficient basis exists under the Texas General Arbitration Act and other applicable law for the relief sought and the Motion for Discovery should be granted, and the Court finds that any actual discovery be stayed pending review of this Court's Order by the Court of Appeals or Supreme Court." By its order, the court decreed:

(1) In the arbitration proceedings between the parties, the parties are authorized to conduct discovery, including depositions and requests for production of documents, in the manner allowed by the Texas Rules of Civil Procedure and case law interpreting those rules.

(2) The parties are ordered to abstain from destroying any books, records, documents or other evidence which may be relevant to the arbitration proceedings.

(3) If any party files an appeal or mandamus proceeding from this order within ten (10) days of the date hereof, the order shall be stayed until entry of the final order in any such proceedings.

Within the time prescribed, Transwestern moved for leave to file its petition for writ of mandamus, seeking the writ to compel respondent to (1) vacate and rescind his discovery order, and (2) to respect a previously-entered stay and protective order. Also, to protect its right of appeal in view of the reference to an appeal in the court's order, Transwestern perfected an appeal, docketed as our cause no. 07–91–0190–CV.

We granted Transwestern leave to file its petition for writ of mandamus. Tex. R.App.P. 121(c). In doing so, we decided that mandamus was the proper means for challenging the court's order, for the order, being merely incident to the final resolution of the main cause, was interlocutory and not appealable.[2] *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 438–39 (1959, orig. proceeding).

At the outset, we are confronted with Transwestern's claim that the district court exceeded its jurisdiction under the Act and, therefore, its discovery order is void as a matter of law. This obtains, Transwestern contends, because "once arbitration is [instituted], the courts have no further role in, or jurisdiction to control, the arbitration, except as expressly provided in the [Act]." To this end, Transwestern asserts that "court jurisdiction is limited to the enforcement of arbitrator orders and awards and the confirmation, vacation or modification of awards under narrowly specified grounds."

■ The question of jurisdiction is fundamental and can be raised at any time. *Tullos v. Eaton Corporation*, 695 S.W.2d 568 (Tex.1985). If a trial court erroneously concludes that as a matter of law it has

---

**2.** As a result, the appeal from the court's discovery order in cause no. 07–91–0190–CV has

been dismissed this day for want of jurisdiction.

subject-matter jurisdiction, an order entered by that court is void and subject to review by writ of mandamus. *See Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426, 434 (Tex.App.—Dallas 1988, orig. proceeding).

Subject-matter jurisdiction is established by operation of law through the constitutional and statutory provisions that enumerate the kinds of cases the court can entertain. *Federal Underwriters Exchange v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943); *Ex Parte Bowers,* 671 S.W.2d 931, 935 (Tex.App.—Amarillo 1984, no writ). The constitutional provision states: "It shall be the duty of the Legislature to pass such laws as may be necessary and proper to decide differences by arbitration, when the parties shall elect that method by trial." Tex. Const. art. 16, § 13.

By legislative enactment, the Act vested state courts with jurisdiction over arbitration proceedings. Article 234 provides:

Sec. A. The term "court" as used in this Act shall mean and include any court of this State of competent jurisdiction as to the parties, the subject matter, and the amount in controversy. Such a court shall have jurisdiction to hear and determine applications as provided in Article 235.

Sec. B. The making of an agreement described in Article 224 and to which that Article is applicable (but this expressly shall not be the effect of the making of an agreement to which that Article is made inapplicable by the last sentence thereof), which provides for or authorizes an arbitration in this State, confers jurisdiction on the court to enforce the agreement under this Act and to enter judgment on an award thereunder.

It follows that when Transwestern first moved the court, pursuant to article 225, to enforce the arbitration agreement and compel arbitration, subject-matter jurisdiction was conferred on the court. By denying Mewbourne leave to file its petition for writ of mandamus, we confirmed that the court had jurisdiction to order the "parties to arbitrate pursuant to the contracts and applicable law." *Mewbourne Oil Co. v. Blackburn,* 793 S.W.2d at 737.

The court's jurisdiction was dependent, not upon its action in deciding the questions presented in the cause, but upon the character of the cause itself. *Martin v. Sheppard,* 145 Tex. 639, 201 S.W.2d 810, 812–13 (1947). And once jurisdiction was lawfully and properly acquired, no subsequent fact or event served to defeat the jurisdiction. *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368, 371 (1961). *Accord, Britton v. Co–Op Banking Group,* 916 F.2d 1405, 1411 (9th Cir.1990) (district court's denial of a motion to compel arbitration did not divest jurisdiction). Then, because jurisdiction is the power to decide, and not merely the power to decide correctly, *Martin v. Sheppard,* 201 S.W.2d at 813, we cannot say that the court exceeded its jurisdiction and signed a void discovery order.

■ The determination of jurisdiction does not conclude our inquiry, for Transwestern contends the court was not empowered to interfere in the arbitration proceedings by authorizing discovery by the parties. Or, as Mewbourne views this mandamus proceeding, the question is whether the court abused its discretion under the Act to enter its discovery order.

As a time-honored practice, the office of mandamus was only to compel the performance of a ministerial act or duty. *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1150 (1939). However, the practice was expanded to include the issuance of the writ of mandamus to correct a clear abuse of discretion. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682–83 (1956). Thus, we consider whether respondent clearly abused his discretion, as Transwestern charges, by misinterpreting and applying the law to the facts. *See Joachim v. Chambers,* 815 S.W.2d 234, 240 (Tex.1991) (trial court clearly abused its discretion by misinterpreting Code of Judicial Conduct).

■ Although the Act was apparently designed as a modern and effective statute on commercial arbitration, its limited address of discovery does not specifically answer the question before us. The respec-

tive positions of the parties grounded on their differing views of articles 230 and 235 prompts a consideration of the pertinent provisions of the articles. In this regard, article 230 provides:

> Art. 230. Testimony at hearings before arbitrators by witnesses; subpoenas and depositions therefor
>
> Sec. A. The arbitrators shall have the power to administer oaths required of witnesses in a civil action pending in a district court and may cause same to be administered by any one of them, to each witness testifying before them.
>
> Sec. B. The arbitrators may authorize a deposition to be taken of a witness who cannot be required by subpoena to appear before them or who is unable to attend the hearing, for use as evidence, or may authorize a deposition of an adverse witness for discovery or evidentiary purposes, such depositions to be taken in the manner provided by law for depositions in a civil action pending in a district court.
>
> Sec. C. The arbitrators may issue or cause to be issued by any one of them, subpoenas for the attendance of witnesses and for the production of books, records, documents, and other evidence; the appearance of the witness required by such a subpoena may be either at the hearing before the arbitrators or at the deposition of the witness. Subpoenas so issued shall be served in the manner provided by law for the service of subpoenas issued in a civil action pending in a district court. All provisions of law requiring a witness under subpoena to appear, to produce and testify, pursuant to a subpoena issued in a civil action, shall apply to subpoenas issued under this Article.

And article 235 reads, in relevant part:

> Art. 235. Applications to courts and the effect thereof; court proceedings on applications to courts; venue thereof; stay of proceedings in another court pursuant to a later application; what the court may require that an application contain; when applications may be filed in advance of or pending or at or after the conclusion of arbitration proceedings; acquisition of jurisdiction over adverse parties by service of process or in rem by ancillary proceedings; court relief in aid of pending or prospective arbitration proceedings or the enforcement of court orders or decrees of satisfaction of court judgments; court hearings on applications
>
> \* \* \* \* \* \*
>
> Sec. F. An application for entry by the court of a judgment or decree or order provided for by the terms of this Act may be filed in advance of the institution of any arbitration proceedings but in aid thereof, or during the pendency of any arbitration proceeding before the arbitrators or, subject to the provisions of subsequent Articles of this Act, at or after the conclusion thereof.
>
> Sec. G. In the advance of any arbitration proceedings, but in aid thereof, an application may be filed for order or orders to be entered by the court, including but not limited to applications:
>
> (i) invoking the jurisdiction of the court over the adverse party and for effecting same by service of process on him in advance of the institution of arbitration proceedings (it not being required to be shown in this connection that the adverse party is about to, or may, absent himself from the state if jurisdiction over him is not effected by service of process on him before the institution of arbitration proceedings); or
>
> \* \* \* \* \* \*
>
> (iii) seeking to restrain or enjoin the destruction of the subject matter of the controversy or any essential part thereof, or the destruction or alteration of books, records, documents, or evidence needed for the arbitration proceeding, or seeking from the court in its discretion, order for deposition or depositions needed in advance of the commencement of the arbitration proceedings for discovery, for perpetuation of testimony or for evidence; or
>
> \* \* \* \* \* \*

(v) seeking any other relief, which the court can grant in its discretion, needed to permit the orderly arbitration proceedings to be instituted and conducted and to prevent any improper interference or delay thereof.

Sec. H. During the pendency of any arbitration proceedings before the arbitrators, an application may be filed for order or orders to be entered by the court, including but not limited to applications:

(i) referred to or to serve any purpose referred to in Section G of this Article; or

(ii) to require compliance by any adverse party or any witness with order or orders made by the arbitrators during the arbitration proceedings, pursuant to provisions of this Act; or

(iii) to require the issuance and service under orders of the court rather than orders made by the arbitrators, of subpoenas, notices or other court processes in aid of the arbitration proceedings before the arbitrators; ...

Given the statutory provisions as the premise for the parties' respective positions, we briefly state their meticulous presentations.

Basically, Transwestern contends that the unambiguous language of the articles evidences a clear intention that court-ordered discovery is available only "[i]n the advance of any arbitration proceedings, but in aid thereof," and once arbitration is instituted, article 230(B) authorizes the arbitrators to conduct discovery, aided by court's power, granted by article 235(H)(ii), to require compliance with discovery orders made by the arbitrators. Relying on numerous authorities from other states, Transwestern represents that "[v]irtually every court which has faced similar circumstances has held that court-supervised discovery is unavailable in arbitration." *See, e.g., Prime South Homes, Inc. v. Byrd,* 102 N.C.App. 255, 401 S.E.2d 822, 825–26 (1991); *City of Dearborn v. Freeman–Darling, Inc.,* 119 Mich.App. 439, 326 N.W.2d 831, 834 (1982); *McRae v. Superior Court,* 221 Cal.App.2d 166, 34 Cal.Rptr. 346, 349 (Cal.Dist.Ct.App.1963).

In response, Mewbourne replies that respondent had broad statutory authority for his order. Article 235(G)(iii) authorizes the court, in its discretion, to order "deposition or depositions needed in advance of the commencement of the arbitration proceedings for discovery, for perpetuation of testimony or for evidence;" article 235(G)(v) authorizes "any other relief, which the court can grant in its discretion;" article 235(H)(iii) authorizes the court "to require the issuance and service *under orders of the court rather than orders made by the arbitrators,* of subpoenas, *notices or other court processes* in aid of the arbitration proceedings before the arbitrators;" and article 235(F) specifically authorizes the filing of applications for entry by the trial court of orders "provided by the terms of this act ... during the pendency of any arbitration proceedings before the arbitrators." In short, Mewbourne suggests, the statutory language is certainly broad enough to authorize respondent's discovery order.

As revealed by their positions, and confirmed on submission, the parties disagree as to the meanings of the phrases, or the time, "of the institution of any arbitration proceedings," and "of the commencement of the arbitration proceedings." Transwestern proposes the arbitration proceedings commenced or were instituted when the parties designated the arbitrators; Mewbourne maintains that the receipt of evidence by the arbitrators commences or institutes the proceedings.

Neither of the phrases is defined in the Act. Therefore, we will consider the phrases in context according to the rules of grammar and apply the meaning of their common usage. Tex. Gov't Code Ann. § 311.011 (Vernon 1988).

Within the context of the Act, the word "institution" means "[t]he commencement or inauguration of anything." Black's Law Dictionary 940 (4th ed. 1968). The word "commencement" means "[t]he act or process of beginning," Webster's II New Riverside University Dictionary 286 (1984), i.e., "[t]he act or process of bringing or being brought into being ... [t]he time at

which something begins or is begun ... [a]n early, rudimentary phase." *Id.* at 162.

It follows that when these meanings are imposed upon the arbitration agreement quoted in the forepart of this opinion, the institution or commencement of the arbitration proceedings occurred when the first arbitrator was selected. Beyond that, the three arbitrators had been selected, and the arbitration board had been constituted, as Mewbourne and Transwestern agreed, before Mewbourne applied for the discovery order that is the subject of this proceeding. Then, respondent's order was signed during the pendency of the arbitration proceedings, and it must be appraised in that setting.

■ The Act established a procedure for enforcement of the agreement between Mewbourne and Transwestern to arbitrate disputes that may arise out of their contracts. It continued the historical pattern of Texas constitutional and statutory law favoring arbitration, *Brazoria County v. Knutson,* 142 Tex. 172, 176 S.W.2d 740, 743 (1943), because arbitration is a valuable tool, not only to alleviate the burden on the courts, but primarily to provide contracting parties with greater flexibility, efficiency, and privacy. *L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 352 (Tex.1977).

Significantly, the Act specifically authorizes the court to order "depositions needed in advance of the commencement of the arbitration proceedings for discovery," article 235(G)(iii), but it does not grant the court the same authority to order discovery after the arbitration proceedings have commenced. Instead, the Act empowers the arbitrators to authorize discovery, article 230(B); Carrington, *The 1965 General Arbitration Statute of Texas,* 20 Sw.L.J. 21, 30 (1966), which can be enforced by orders of the court. Article 235(H)(ii). Clearly, then, to permit the court to order discovery independent of and during the arbitration proceedings, a power not bestowed by the Act, would be incompatible with the procedures established by the Act, and would allow the court to unnecessarily interfere with the arbitration process agreed upon and instituted.

Consequently, we cannot agree with Mewbourne's general contention, nor any of its aspects, that the statutory language is broad enough to authorize respondent's discovery order. Rather, we reiterate that "the arbitrators ... are empowered to cause the discovery necessary for their resolution of the issues before them," *Mewbourne Oil Co. v. Blackburn,* 793 S.W.2d at 737, and hold that respondent clearly abused his discretion by ordering discovery.

In so holding, we are mindful that Transwestern has not directly challenged the portion of respondent's order enjoining the parties from destroying any books, records, documents or other evidence which may be relevant to the arbitration proceedings. Respondent was authorized to make that order by sections G(iii) and H(i) of article 235 operating in tandem, and is left undisturbed by our judgment.

Accordingly, we conditionally grant the writ of mandamus compelling respondent to vacate and rescind that portion of his order authorizing the parties to conduct discovery. We are confident that respondent will vacate and rescind his discovery order, and the writ of mandamus will issue only if he fails to do so.