NO.
12-06-00151-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

JOHN M. O’QUINN, P.C., d/b/a O’QUINN           §                      APPEAL
FROM THE FOURTH

& LAMINACK, JOHN M.
O’QUINN &

ASSOCIATES, A TEXAS
GENERAL

PARTNERSHIP, JOHN M. O’QUINN
&

ASSOCIATES, L.L.P.,
d/b/a O’QUINN &

LAMINACK, JOHN M. O’QUINN LAW                            

FIRM, P.L.L.C., AND O’QUINN &            §                      JUDICIAL
DISTRICT COURT OF

LAMINACK, APPELLANTS

 

V.                                

 

MARTHA WOOD AND

PATRICIA HAYNES, APPELLEES           §                      RUSK
COUNTY, TEXAS

 

 

                                                NO.
12-06-00188-CV

§                      

IN RE: JOHN M. O’QUINN,
P.C., d/b/a

§                      ORIGINAL
PROCEEDING

O’QUINN & LAMINACK,
ET AL

§                      

                                                                                                                                                           


MEMORANDUM OPINION

            John M. O’Quinn,
P.C., d/b/a O’Quinn & Laminack, John M. O’Quinn & Associates, a Texas
General Partnership, John M. O’Quinn & Associates, L.L.P., d/b/a O’Quinn
& Laminack, John M. O’Quinn Law Firm, P.L.L.C., and O’Quinn & Laminack
(collectively “O’Quinn”) bring a parallel interlocutory appeal and petition for
writ of mandamus[1]








 complaining of the
trial court’s order dismissing its motion to vacate the arbitrators’ class
determination award for want of jurisdiction. 
We dismiss O’Quinn’s interlocutory appeal for want of jurisdiction and
conditionally grant its petition for writ of mandamus.

 

Background

            O’Quinn
represented Martha Wood, Patricia Haynes, and allegedly approximately three
thousand other women (collectively “the putative class members”) in breast
implant litigation.  The putative class
members signed contingent fee agreements with O’Quinn.  Those agreements required that all disputes
between O’Quinn and the putative class members be resolved by arbitration.[2]
Following the settlements of the putative class members’ claims related to
their breast implants, O’Quinn deducted 1.5% of the settlement proceeds for
expenses common to all clients in the litigation.  Alleging that this deduction breached their
contract with O’Quinn, Wood and Haynes, individually and as class
representatives, filed suit.

            O’Quinn
filed a motion to compel arbitration, which was granted by the trial
court.  Wood and Haynes filed a petition
for writ of mandamus, which was denied by both this court and the Texas Supreme
Court.  However, arbitration did not
occur.  Instead, the trial court, on
motion by Wood and Haynes, reconsidered its prior order and entered a second
order authorizing the arbitrator “to determine all class action issues.”[3]  This time, O’Quinn filed a petition for writ
of mandamus, which was initially granted by this court.  Our decision was reversed by the Texas
Supreme Court, and we vacated our prior opinion.  See In re John M. O’Quinn, P.C.,
155 S.W.3d 195 (Tex. App.–Tyler 2003, orig. proceeding), mand. granted, In
re Wood, 140 S.W.3d 367 (Tex. 2004). 


            The case
proceeded to arbitration.  The
arbitration panel ruled by a majority opinion to certify the class as to the
putative class members’ breach of contract and breach of fiduciary duty claims,
but denied class certification of their claims under the Texas Deceptive Trade
Practices Act.  The arbitration panel’s
order also stayed the proceedings for thirty days.[4] 

            O’Quinn then
filed under seal in the trial court a motion to vacate the arbitrators’ class
determination award.  The trial court
dismissed the motion finding that “it [did] not have jurisdiction of the motion.”  In making its ruling, the trial court
implicitly found that the grounds alleged in O’Quinn’s motion were not
permissible grounds for vacatur under federal law.  O’Quinn challenged the trial court’s order by
filing an interlocutory appeal in this court. 
Because of the “novel issues” presented, O’Quinn also filed a petition
for writ of mandamus.  We consolidate the
two proceedings for purposes of this opinion and dispose of them
simultaneously.  As a threshold matter,
we must decide whether this case is properly before us by way of interlocutory
appeal or petition for writ of mandamus.

 

Interlocutory
Appeal

            O’Quinn and
the putative class members agreed that any dispute arising out of their
respective fee agreements would be submitted to arbitration under the Federal
Arbitration Act (FAA).  See 9
U.S.C.A. §§ 1-16.  When applying the FAA,
we look to federal law resolve substantive issues, but apply state law to
resolve procedural issues.  Jack B.
Anglin Co. v. Tipps, 842 S.W.2d 266, 271-72 (Tex. 1992).   The availability of appellate review is a
procedural issue.  Id. at
272.  Therefore, we apply
Texas procedure in determining the proper avenue for review of the challenged
order.  Id.  

            Unless
specifically authorized by statute, Texas appellate courts may review only
final orders or judgments.  Id.  As a general rule, a final order or judgment
is one that finally disposes of all remaining parties and claims, based on the
record, regardless of its language.  See
Lehman v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001); see
also Wagner v. Warnash, 156 Tex. 334, 295 S.W.2d 890, 892
(Tex. 1956) (final order disposes of all issues and parties “so that no future
action by the trial court will be necessary in order to settle and determine
the entire controversy”); but see DeAyala v. Mackie, 193
S.W.3d 575, 578 (Tex. 2006) (in probate cases, multiple judgments final for
purposes of appeal can be rendered on certain discrete issues).  This rule applies whether the merits of a
case will be decided in the trial court or through arbitration.  See Childers v. Advanced Found. Repair,
L.P., 193 S.W.3d 897, 898 (Tex. 2006) (per curiam) (order compelling
arbitration, otherwise interlocutory, is made final by dismissal of all parties
and claims in case); Brooks v. Pep Boys Automotive Supercenters,
104 S.W.3d 656, 660 (Tex. App.–Houston [1st Dist.] 2003, no pet.) (order
compelling arbitration without dismissing lawsuit is interlocutory per se
because it does not dispose of all parties and issues).  

            The order
denying O’Quinn’s motion to vacate disposes of a single discrete issue in the
case; it does not finally dispose of all parties and claims.  Therefore, the order is interlocutory.  See Transwestern Pipeline Co. v.
Blackburn, 831 S.W.2d 72, 74 (Tex. App.–Amarillo 1992, orig.
proceeding) (trial court’s discovery order signed after arbitration had been
initiated was “merely incident to the final resolution of the main cause” and
therefore interlocutory).

            An interlocutory
order of a district court, county court at law, or county court that certifies
or refuses to certify a class is appealable. 
Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(3) (Vernon Supp. 2006). 
However, there is no similar provision authorizing an interlocutory
appeal of either a class certification award by an arbitration panel or a
decision by the trial court not to review the merits of a class certification
award.  Nor is an appeal of such an order
authorized by the Texas General Arbitration Act, which permits appeals from
certain types of interlocutory orders related to arbitration proceedings.  See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098 (Vernon 2005).  

            The order
denying O’Quinn’s motion to vacate is not a final order and does not fall within
one of the statutory exceptions to the general rule requiring that Texas courts
review only final orders or judgments. 
Therefore, the order is not appealable, and we do not have jurisdiction
of O’Quinn’s interlocutory appeal.  See
Tipps, 842 S.W.2d at 272. 
Accordingly, we will review the trial court’s order by mandamus.

 

Petition for
Writ of Mandamus

            Mandamus is
an extraordinary remedy available to correct a clear abuse of discretion or the
violation of a legal duty when there is no adequate remedy by appeal.  In re J.D. Edwards World Solutions Co.,
87 S.W.3d 546, 549 (Tex. 2002).  A trial
court clearly abuses its discretion if “it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.”  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (citing Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)).  A
trial court has no discretion in determining what the law is or applying the
law to the facts.  Walker,
827 S.W.2d at 840.  Thus, a clear failure
by the trial court to analyze or apply the law correctly constitutes an abuse
of discretion.  Id.

The Trial Court’s Jurisdiction

            Subject
matter jurisdiction is created by operation of law.  Federal Underwriters Exch. v. Pugh,
141 Tex. 539, 174 S.W.2d 598, 600 (1943). 
When, as here, a trial court acquires subject matter jurisdiction of a
case and subsequently compels arbitration without dismissing the case, it
retains continuing jurisdiction of the case until a final judgment or order is
entered.  See Childers, 193
S.W.3d at 898; Brooks, 104 S.W.3d at 660.  However, the manner in which it may exercise
its continuing jurisdiction is limited.  See
In re John M. O’Quinn, P.C., 155 S.W.3d at 199.[5]  To interfere with an ongoing arbitration, the
trial court must have a specific grant of power.  See Blackburn, 831 S.W.2d at
75.  And even then, the trial court’s
involvement must be carefully tailored to fall within the purview of that
authorization.  See id. 

            When an
arbitration involves a class action, trial courts are authorized to conduct a
limited review of a class determination award. 
AAA Supplementary Rules Regarding Class Arbitration, Rule 5(d).  Specifically, a party is given thirty days to
seek confirmation or vacatur of the award from a court of competent
jurisdiction.  Id.  Federal law authorizes vacatur of an
arbitration award in limited circumstances. 
The FAA provides that an award may be vacated (1) where the award was procured
by corruption, fraud, or undue means; (2) where there was evident partiality or
corruption in the arbitrators, or either of them; (3) where the arbitrators
were guilty of misconduct in refusing to postpone the hearing, upon sufficient
cause shown, or in refusing to hear evidence pertinent and material to the
controversy; or of any other misbehavior by which the rights of any party have
been prejudiced; or (4) where the arbitrators exceeded their powers, or so
imperfectly executed them that a mutual, final, and definite award upon the
subject matter submitted was not made.  9
U.S.C.A. § 10(a).  In addition to
these statutory grounds, the Fifth Circuit has held that an arbitration award
may be vacated (1) where the award displays “manifest disregard” of the law or
(2) where the award is contrary to public policy.  See Kergosien v. Ocean Energy, Inc.,
390 F.3d 346, 353 (5th Cir. 2004).  

O’Quinn’s Motion to Vacate

            Here, the
trial court acquired jurisdiction of the case when it initially was filed, pursuant
to the constitutional grant of general jurisdiction to district courts.  See Tex.
Const. art. V, § 8 (district court’s jurisdiction consists of exclusive,
appellate, and original jurisdiction of all actions, proceedings, and remedies,
except where conferred by Texas Constitution or other law on some other court,
tribunal, or administrative body).  The
trial court’s order compelling arbitration was interlocutory because it did not
dismiss the case.  See Brooks,
104 S.W.3d at 660.  Therefore, the trial
court retained continuing jurisdiction of the case even though the merits would
be resolved through arbitration.  See id.  Moreover, the trial court was authorized to
review the class determination award.  See
AAA Supplementary Rules Regarding Class Arbitration, Rule 5(d).  Wood and Haynes contend that the trial court
could not grant O’Quinn’s motion on grounds other than those authorized by
federal law, and that O’Quinn did not assert any of those grounds.  Therefore, their argument continues, the
trial court was without jurisdiction to address the merits of O’Quinn’s motion
and could take no action other than to dismiss the motion for want of
jurisdiction.              The Amarillo court has addressed and rejected a similar
argument.  See Blackburn,
831 S.W.2d at 73-75.  In Blackburn,
the court considered a challenge to an order authorizing independent discovery
after the parties instituted arbitration. 
The relator asserted that the trial court exceeded its jurisdiction in
ordering the discovery, because once arbitration was instituted, the trial
court had no further role in, or jurisdiction to control, the arbitration
except as expressly provided by statute. 
Id. at 74. 
According to the relator, the trial court’s order was not within the
powers granted to the trial court by statute. 
Id.  In addressing
the issue, the court observed that “[o]nce jurisdiction is properly acquired,
no subsequent fact or event serve[s] to defeat the jurisdiction.”  Id. at 75.  Accordingly, the court concluded that the
statutory limitations relied upon by the relator did not deprive the trial
court of jurisdiction to rule on matters outside those limitations.  Id. (“[J]urisdiction is the power to
decide, and not merely the power to decide correctly.”).  Therefore, the challenged order was not
void.  Id.  However, the court also held that the trial
court’s order constituted an abuse of discretion because it was not authorized
by statute to order discovery independent of and during the arbitration
proceedings.  Id.  at 77-78.

            We agree
with the reasoning in Blackburn. 
Applying that reasoning to the issue before us, we conclude that the
grounds authorized by federal law for vacating an arbitration award impose
limitations on the trial court’s exercise of its jurisdiction when considering
a motion to vacate.  These limitations do
not deprive the trial court of jurisdiction to reach the merits of a motion to
vacate simply because the grounds alleged for vacatur are not authorized by
federal law.  Because the trial court had
continuing jurisdiction over the case and specific authorization to address the
issue of vacatur, it should have reached the merits of O’Quinn’s motion to
vacate.  The trial court’s order
dismissing the motion for want of jurisdiction constitutes an abuse of
discretion.[6]

Adequate Remedy by Appeal

            An appellate
remedy is not inadequate merely because it may involve more expense or delay
than obtaining an extraordinary writ.  Walker,
827 S.W.2d at 842.  However, mandamus
will issue  when the failure to do so
would “vitiate and render illusory the subject matter of an appeal.”  Tipps, 842 S.W.2d at 272.  In the case at hand, O’Quinn is permitted to
seek vacatur of the class determination award. 
See AAA Supplementary Rules Regarding Class Arbitration, Rule
5(d).  An appeal of the arbitrators’
decision after all class issues are decided cannot restore O’Quinn’s right to
have its motion to vacate heard prior to a determination of the merits of the
putative class members’ claims. 
Therefore, the trial court must reach the merits of the motion.  To hold otherwise “vitiate[s] and render[s]
illusory the subject matter of [the] appeal.” 
See Tipps, 842 S.W.2d at 272.

 

Conclusion

            The trial
court abused its discretion by denying O’Quinn’s motion to vacate for want of
jurisdiction of the motion, and appeal is an inadequate remedy.  Accordingly, we conditionally grant the writ
of mandamus.  However, we are confident
that the trial court will promptly vacate its order dated April 14, 2006
denying the motion.  The writ of mandamus
will issue only if the trial court fails to comply within ten days of the date
of this opinion and order.  O’Quinn’s
interlocutory appeal is dismissed for want of jurisdiction.           

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered December
20, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]  The Honorable
J. Clay Gossett, Judge of the 4th Judicial District Court, Rusk County, Texas,
is the respondent.  Martha Wood and
Patricia Haynes are the real parties in interest.





[2] The agreements stated that “any and all
disputes, controversies, claims or demands arising out of or relating to [the]
Agreement or any provision [thereof] ... or in any way relating to the
relationship between Attorneys and Client ... shall be submitted to American
Arbitration Association for binding arbitration under the Federal Arbitration
Act in accordance with the Commercial Arbitration Rules then in effect with the
American Arbitration Association.”





[3] The order further provided the arbitrators
with “the full limit of authority to determine the issues related to class
action and to address and resolve all issues related to due process rights of
putative class members.”

 





[4] A stay of at least thirty days was required “to
permit any party to move a court of competent jurisdiction to confirm or vacate
the Class Determination Award.”  AAA
Supplementary Rules Regarding Class Arbitration, Rule 5(d), available at http://www.adr.org/sp.asp?id=21936.

 





[5]  For
instance, a trial court compelling arbitration must stay its own
proceedings.  In re J.D. Edwards
World Solutions Co., 87 S.W.3d at 549. 
Similarly, a trial court’s jurisdiction to enter discovery orders is
limited once the trial court has compelled arbitration.  Blackburn, 831 S.W.2d at 77-78.

 





[6]  Since
the only issue before us is whether the trial court had jurisdiction to decide
the motion, we do not address any aspect of the merits of O’Quinn’s motion.