NO.
12-07-00050-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOHN M. O’QUINN,
P.C. d/b/a O’QUINN            §                      APPEAL FROM THE FOURTH

& LAMINACK, JOHN M. O’QUINN &

ASSOCIATES, A TEXAS GENERAL

PARTNERSHIP, JOHN M. O’QUINN &

ASSOCIATES, L.L.P. d/b/a O’QUINN &

LAMINACK, JOHN M. O’QUINN LAW

FIRM, P.L.L.C., AND O’QUINN &

LAMINACK,  §                     JUDICIAL DISTRICT COURT OF

APPELLANTS

 

V.        

 

MARTHA WOOD AND PATRICIA HAYNES,

APPELLEES §                      RUSK COUNTY, TEXAS

 

                NO.
12-07-00109-CV

IN RE: JOHN M. O’QUINN, P.C.

d/b/a O’QUINN & LAMINACK,

JOHN M. O’QUINN
& ASSOCIATES,      §                      ORIGINAL PROCEEDING

A TEXAS GENERAL PARTNERSHIP,

JOHN M. O’QUINN & ASSOCIATES, L.L.P. 

d/b/a O’QUINN & LAMINACK, 

JOHN M. O’QUINN LAW FIRM, P.L.L.C., 

AND O’QUINN & LAMINACK

                                                                                                                                                           


OPINION








            John
M. O’Quinn, P.C. d/b/a O’Quinn & Laminack; John M. O’Quinn &
Associates, a Texas General Partnership; John M. O’Quinn & Associates,
L.L.P. d/b/a O’Quinn & Laminack; John M. O’Quinn Law Firm, P.L.L.C.; and O’Quinn
& Laminack (collectively “O’Quinn”) bring a parallel interlocutory appeal
and mandamus proceeding[1] complaining of the trial court’s
order denying, on the merits, its motion to vacate the arbitration panel’s
class determination award.[2] 
We dismiss O’Quinn’s interlocutory appeal for want of jurisdiction and
deny its petition for writ of mandamus.

 

Background

            O’Quinn represented Martha Wood,
Patricia Haynes, and allegedly approximately three thousand other women
(collectively “the putative class members”) in breast implant litigation.  The putative class members signed contingent
fee agreements with O’Quinn.  Those
agreements required that all disputes between O’Quinn and the putative class
members be resolved by arbitration. 
Following the settlements of the putative class members’ claims related
to their breast implants, O’Quinn deducted 1.5% of the settlement proceeds for
expenses common to all clients in the litigation.  Alleging that this deduction breached their
contract with O’Quinn, Wood and Haynes, individually and as class
representatives, filed suit.

            O’Quinn filed a motion to compel
arbitration, which was granted by the trial court.  On motion by Wood and Haynes, the trial court
reconsidered its prior order and entered a second order authorizing the
arbitrator “to determine all class action issues.”  The case proceeded to arbitration and the
arbitration panel ruled by a majority opinion to certify the putative class
members as a class, issuing a class determination award.

            O’Quinn then filed under seal in the
trial court a motion to vacate the arbitration panel’s class determination
award.  The trial court denied “ON ITS
MERITS” O’Quinn’s motion.  O’Quinn now
challenges the trial court’s order and has filed a parallel interlocutory appeal
and mandamus petition.  We consolidate
the two proceedings for purposes of this opinion and dispose of them
simultaneously. 

 

Interlocutory Appeal








            O’Quinn and the putative class
members agreed that any dispute arising out of their respective fee agreements
would be submitted to arbitration under the Federal Arbitration Act (“FAA”).  See 9 U.S.C.A. §§ 1-16 (West, Westlaw,
through May 2002 amendments).[3] 
When applying the FAA, we look to federal law to resolve substantive
issues, but apply state law to resolve procedural issues.  Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 271-72 (Tex. 1992) (orig. proceeding).  The availability of appellate review is a
procedural issue.  Id. at
272.  Therefore, we apply Texas procedure
in determining the proper avenue for review of the challenged order.  Id.

            Unless specifically authorized by
statute, Texas appellate courts may review only final orders or judgments.  Id.  As a general rule, a final order or judgment
is one that finally disposes of all remaining parties and claims, based on the
record, regardless of its language.  See
Lehman v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001); see also
Wagner v. Warnash, 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956)
(final order disposes of all issues and parties “so that no future action by
the trial court will be necessary in order to settle and determine the entire
controversy”).  But see Brittingham-Sada
de Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006) (recognizing that
in probate cases, multiple judgments final for purposes of appeal can be
rendered on certain discrete issues). 
This rule applies whether the merits of a case will be decided in the trial
court or through arbitration.  See
Childers v. Advanced Found. Repair, L.P., 193 S.W.3d 897, 898 (Tex.
2006) (per curiam) (order compelling arbitration, otherwise interlocutory, is
made final by dismissal of all parties and claims in case); Brooks v. Pep
Boys Automotive Supercenters, 104 S.W.3d 656, 660 (Tex. App.–Houston
[1st Dist.] 2003, no pet.) (order compelling arbitration without dismissing
lawsuit is interlocutory per se because it does not dispose of all parties and
issues).  

            Here, the order denying O’Quinn’s
motion to vacate disposed of only a single discrete issue in the case; it did
not finally dispose of all parties and claims. 
Therefore, the order is interlocutory. See Transwestern
Pipeline Co. v. Blackburn, 831 S.W.2d 72, 74 (Tex. App.–Amarillo 1992,
orig. proceeding) (trial court’s discovery order signed after initiation of
arbitration “merely incident to the final resolution of the main cause” and
therefore interlocutory).  Further, no
statutory exception exists granting O’Quinn a right to appeal this
interlocutory order.








            An interlocutory order of a district
court, county court at law, or county court that certifies or refuses to
certify a class is appealable by interlocutory appeal pursuant to section
51.014 of the Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (Vernon Supp. 2007).  However, there is no similar provision in
section 51.014 authorizing an interlocutory appeal of either a class
certification by an arbitration panel or a decision by the trial court refusing
to vacate such a certification.  Further,
we must strictly construe section 51.014 as “a narrow exception to the general
rule that only final judgments and orders are appealable.”  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 355 (Tex. 2001).  Taking
an expansive view of section 51.014 would be inappropriate.  See id.

            We note that the Texas General
Arbitration Act (“TGAA”) authorizes the appeal of a judgment or decree “confirming
or denying confirmation of an award.” Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(3) (Vernon 2005).  However, when considered in the context of
the TGAA and its purpose, we understand the “award” referred to by the statute
to be the final arbitration award and not merely any arbitration panel
intermediate decision labeled “award.”[4]  The fact that the arbitration panel’s class
certification decision was labeled, under the AAA rules and in the document’s
heading, as a “Class Determination Award” does not transform the intermediate
decision of the panel into a final arbitration award.  “Because the main benefits of arbitration lie
in [the] expedited and less expensive disposition of a dispute,” we conclude
that it is unlikely that the Texas Legislature intended for appellate courts to
construe the TGAA as going beyond permitting appeals from judgments or decrees
confirming or denying final arbitration awards.  See Jack B. Anglin, 842 S.W.2d 266,
269.         

            O’Quinn points out that the AAA
rules themselves refer to a class determination award as a “reasoned partial
final award.” AAA Supplementary Rules Regarding Class Arbitration, Rule 5(a),
available at http://www.adr.org/sp.asp?id=21936.  However, those same rules also state that a “Class
Determination Award may be altered or amended by the arbitrator before a final
award is rendered.” AAA Supplementary Rules Regarding Class Arbitration, Rule
5(e), available at http://www.adr.org/sp.asp?id=21936.  Therefore, the AAA rules consider a class
determination award to be something less than the final arbitration award
contemplated by the TGAA.








            The order denying O’Quinn’s motion
to vacate is not a final order and does not fall within a statutory exception
to the general rule requiring that Texas courts review only final orders or
judgments.  Therefore, the order is not
appealable, and we do not have jurisdiction of O’Quinn’s interlocutory
appeal.  See Jack B. Anglin,
842 S.W.2d at 272.  Accordingly, we
address O’Quinn’s complaints on mandamus.

 

Mandamus

            In seeking mandamus relief, O’Quinn
argues that the trial court abused its discretion by denying O’Quinn’s motion
to vacate the arbitration panel’s class determination award. 

Availability
of Mandamus

            Mandamus is an extraordinary remedy
intended to be available “only in situations involving manifest and urgent
necessity and not for grievances that may be addressed by other remedies.” Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (quoting Holloway
v. Fifth Ct. of App., 767 S.W.2d 680, 684 (Tex. 1989)).  Mandamus will issue only to correct a clear
abuse of discretion where there is no adequate remedy by appeal. In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding); Walker, 827 S.W.2d at 839-40.  Such a limitation is necessary to preserve “orderly
trial proceedings” and to prevent the “constant interruption of the trial
process by appellate courts.” Canadian Helicopters Ltd. v. Wittig,
876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding) (quoting Pope v.
Ferguson, 445 S.W.2d 950, 954 (Tex. 1969) (orig. proceeding)).  Consistent with this narrow approach to
mandamus, the burden of showing an abuse of discretion, as well as the
inadequacy of a remedy by appeal, is placed on the relator. Canadian
Helicopters, 876 S.W.2d at 305; In re E. Tex. Med. Ctr. Athens,
154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).  

            A trial court commits a clear abuse
of discretion if it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law or if it clearly fails to
correctly analyze or apply the law. Cerberus Capital, 164 S.W.3d
at 382; Walker, 827 S.W.2d at 839-40.  Regarding the second requirement,
whether a relator has an adequate remedy by appeal, the supreme court has
explained that

 








[t]he
operative word, “adequate”, has no comprehensive definition; it is simply a
proxy for the careful balance of jurisprudential considerations that determine
when appellate courts will use original mandamus proceedings to review the
actions of lower courts.  These
considerations implicate both public and private interests.  Mandamus review of incidental, interlocutory
rulings by the trial courts unduly interferes with trial court proceedings,
distracts appellate court attention to issues that are unimportant both to the
ultimate disposition of the case at hand and to the uniform development of the
law, and adds unproductively to the expense and delay of civil litigation.  Mandamus review of significant rulings in
exceptional cases may be essential to preserve important substantive and
procedural rights from impairment or loss, allow the appellate courts to give
needed and helpful direction to the law that would otherwise prove elusive in
appeals from final judgments, and spare private parties and the public the time
and money utterly wasted enduring eventual reversal of improperly conducted proceedings.  An appellate remedy is “adequate” when any
benefits to mandamus review are outweighed by the detriments.  When the benefits outweigh the detriments,
appellate courts must consider whether the appellate remedy is adequate.








 

 

In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig.
proceeding). 

Discussion

            In its mandamus petition, O’Quinn
argued that mandamus relief was needed because “[i]mproper class treatment
vitiates or severely compromises O’Quinn’s ability to present viable defenses
to each [p]laintiff’s claims [during the arbitration].”  O’Quinn complained that allowing the
arbitration to proceed as a class arbitration would be a “waste of time and
monetary resources.”  O’Quinn stated that

 

. . . refusing to vacate the [class determination
award] skews the arbitration’s procedural dynamics. . . . Class treatment makes
it more likely that O’Quinn will be found liable and more likely that there
will be a significantly higher damage award. . . . The general “insurmountable
pressure” on defendants to settle as a class action proceeds is heightened –
and an [ordinary] appeal rendered inadequate – because the arbitrators are
continuing to conduct hearings as a class action. . . . Effectively, Plaintiffs
are getting a free ride and have little incentive to resolve the dispute
economically and efficiently.

 

 

O’Quinn
has also argued that, were mandamus relief not granted, it would be “deprived
of the benefits of the arbitration clause . . . contracted for, which include
the opportunity to seek interlocutory review of a class determination award . .
. .”  According to O’Quinn, the harm
resulting from a completed arbitration would be “irreparable.”  








            O’Quinn admitted at oral argument
that, since the time of the trial court’s order, the arbitration panel has
completed its arbitration and issued a final arbitration award and that there
were both motions to confirm and vacate that award pending before the trial
court.  As such, any “irreparable” harm
resulting from the trial court’s refusal to vacate the class determination
award has already been suffered.[5] 

            O’Quinn contended at oral argument
that the application of a different standard of review, such as the harmless
error doctrine, would render its remedy by ordinary appeal inadequate.  However, the purpose of mandamus proceedings
is not to provide a vehicle to circumvent harmless error review.[6]  Further, were the shifting of the standard of
review from abuse of discretion to harmless error a valid reason for mandamus
relief, virtually every civil litigant would be entitled to a myriad of
mandamus proceedings.  Such an exception
would eviscerate the current rules limiting mandamus review.

            Because this case will very
shortly be ripe for an ordinary appeal, and because mandamus relief would not
prevent the harm described, we conclude that O’Quinn has an adequate remedy by
appeal. See id.

 

Disposition

            O’Quinn’s interlocutory appeal is dismissed
for want of jurisdiction. 
Because O’Quinn has an adequate remedy by appeal, its petition for writ
of mandamus is denied.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

Opinion
delivered December 21, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

(PUBLISH)











[1] The Honorable J. Clay Gossett, Judge of the 4th Judicial District
Court, Rusk County, Texas, is the respondent. 
Martha Wood and Patricia Haynes are the real parties in interest.





[2] As used here, the term “class determination award” indicates a
decision by an arbitrator or arbitration panel to certify a class.





[3] For simplicity, we have cited only the current version of the FAA.





[4] The purpose of the TGAA is to ensure that parties can enforce their
right to an arbitration proceeding and not be forced by adverse parties into
full litigation of their dispute.  See
Vireo, P.L.L.C. v. Cates, 953 S.W.2d 489, 497 (Tex. App.–Austin
1997, pet. denied).





[5] O’Quinn also argued
that

 

[t]he
arbitrator’s award on the merits has not yet proceeded to a final award, since
it is subject to a motion for reconsideration. 
This Court still has the opportunity to grant O’Quinn at least part of
the benefits of the contractual arbitration provision by granting the requested
mandamus relief . . . .

 

Because
a final arbitration award has been entered, we need not address this argument.





[6] We do not address whether the harmless error standard of review is
applicable to direct appeals of a trial court’s refusal to vacate an arbitration
panel’s class certification award.